UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

RALPH ABREU,                              :
       Plaintiff,                        :
                                          :
    v.                                    :   No. 5:23-cv-01092
                                          :
SCI GREENE STATE CORRECTIONAL             :
INSTITUTION;                              :
PA DEPARTMENT OF CORRECTIONS;             :
SUPT. MICHAEL ZAKEN;                      :
STEPHEN BUZAS;                            :
JOHN DOE LIEUTENANT NAPOLEAN;             :
and JOHN DOES #1-10;                      :
       Defendants.                       :
_____

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                            **April 4, 2023**
**United States District Judge**

**I.   INTRODUCTION**

      Plaintiff Ralph Abreu, through counsel, initiated the above-captioned action regarding an alleged assault while incarcerated at the State Correctional Institution ("SCI") Greene. Pursuant to this Court's duty to screen all prisoner complaints, it has reviewed the allegations of the Complaint. Because the Complaint contains very few factual allegations and fails to sufficiently state a claim, it is dismissed without prejudice and with leave to amend.

**II.  BACKGROUND**

      The Complaint alleges that this Court has jurisdiction pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, giving rise to federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343. Compl. ¶ 1, ECF No. 1. It further alleged that this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. *Id.* ¶

2. The Defendants include SCI Greene; the Pennsylvania Department of Corrections ("DOC"); Michael Zaken, Superintendent of SCI Greene; Stephen Buzas, Deputy Superintendent of SCI Greene; John Doe Napolean, Lieutenant at SCI Greene; and John Does #1-10, ten unidentified correctional officers at SCI Greene. *Id.* ¶¶ 5-11. The individual Defendants are sued in both their official and individual capacities and are alleged to have acted under color of state law. *Id.* ¶¶ 7-14. The Complaint, which seeks only monetary relief, lists five counts: (I) assault and battery; (II) negligence; (III) conspiracy; (IV) intentional infliction of emotional distress ("IIED"); and (V) negligent infliction of emotional distress ("NIED"). Each count is asserted against "all Defendants."

> The only specific factual allegations in the Complaint state:
>
> 17. On or about March 28, 2021, Plaintiff was removed from a restraint chair and placed on I-B-7 cell floor.
> 18. At the aforesaid place, The Defendants violently, horrifically, and ruthlessly inflicted a beating on Plaintiff, who variously received a knee and multiple punches to the face by Defendants their agents, servants, and employees and those whom they are answerable in damages of the law.
> 19. On or about March 30, 2021, Plaintiff submitted a grievance with the Commonwealth of Pennsylvania Department of Corrections in reference to the aforesaid matter.
> . . .
> 29. Defendants, by and through their agents, servants, workers, employees, contractors and/or other [sic] representatives, violently and forcibly struck and pushed the Plaintiff, causing injuries to Plaintiff.

Compl. ¶¶ 17-19, 29.[1] Without identifying the nature of the injuries, the Complaint also includes broad allegations that Abreu's injuries may be permanent, that he has and may in the future incur expenses for medical treatment, and that he has been and may in the future not be able to

---

[1]   Paragraph 29 appears in the allegations under Count I for assault and battery.

perform usual functions. *See generally* Compl. All other allegations in the Complaint are legal conclusions unsupported by any facts.[2]

## III. LEGAL STANDARDS

### A. Screening of Prisoner Complaints – Review of Applicable Law

"In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the Prison Litigation Reform Act of 1995" ("PLRA"), which "mandates early judicial screening of prisoner complaints." *Jones v. Bock*, 549 U.S. 199, 202 (2007) (discussing 28 U.S.C. § 1915A). Section 1915A provides:

> (a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §§ 1915A(a)-(b). "The legal standard for dismissing a complaint for failure to state a claim pursuant to . . . § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions to dismiss." *Johnson v. Caputo*, No. 11-2603, 2013 U.S. Dist. LEXIS 83380, at *9 (E.D. Pa. Apr. 30, 2013) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

### B. Motion to Dismiss under Rule 12(b)(6) – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."

---

[2] One of these conclusory allegations does not even pertain to the instant action. *See* Compl. ¶ 53 (alleging that "Defendants . . . falsely arrested, imprisoned and prosecuted Plaintiff in the absence of probable cause. . .").

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "[I]n light of *Twombly*, Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 555 n.3). *See also* Fed. R. Civ. P. 8(a) (requiring the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

    C.    **Section 1983 claims – Review of Applicable Law**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The first step for the court analyzing a claim under § 1983 "is to identify the exact contours of the underlying right said to have been violated." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998). The court must determine "whether the plaintiff has alleged a deprivation of a

constitutional right at all." *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Id.*). Section "1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). The court must also determine whether a defendant is acting under color of state law, i.e., whether the defendant is a state actor, which depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Additionally, a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A supervisory defendant may be liable under 42 U.S.C. § 1983 if the defendant, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the plaintiff's] constitutional harm." *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989).

    **D.**    **Conspiracy claims under sections 1983 and 1985 – Review of Applicable Law**

"To demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of

law.'" *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).

Section 1985 proscribes conspiracies aimed at: (1) preventing an officer from performing duties; (2) obstructing justice and intimidating a party, witness, or juror; and (3) depriving persons of certain rights or privileges. *See* 42 U.S.C. § 1985. "Subsections (1) and the first clause of (2) of § 1985 concern interference with federal officials and federal court proceedings." *Edwards v. Colleran*, No. 88-7820, 1989 U.S. Dist. LEXIS 147, at *2 (E.D. Pa. Jan. 9, 1989). "In order to pursue a claim under 42 U.S.C. § 1985(2) (second clause) and (3), plaintiff must demonstrate that defendants' actions were motivated by racially discriminatory animis." *Id.*

To assert a prima facie claim of conspiracy, a plaintiff must plausibly allege facts that show: (1) "a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose;" (2) "an overt act done in pursuance of the common purpose;" and (3) "actual legal damage." *Schlichter v. Limerick Twp.*, No. 04-CV-4229, 2005 U.S. Dist. LEXIS 7287, at *31 (E.D. Pa. Apr. 26, 2005). "The plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Hammond v. Creative Fin. Planning Org.*, 800 F. Supp. 1244, 1249 (E.D. Pa. 1992). A complaint must allege particular and exacting facts that demonstrate the "period of the conspiracy, object of the conspiracy, and certain other actions of the alleged conspirators to achieve the purpose." *Id.* (quoting *Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000)); *see also Chruby v. Kowaleski*, 534 F. App'x 156, 160 (3d Cir. 2013) (holding that a plaintiff must allege facts that plausibly suggest a meeting of the minds).

E.     **Eighth Amendment claims – Review of Applicable Law**

Prison administrators "are under an obligation to take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). When a prison official stands accused of using excessive force in violation of the Eighth Amendment, the question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* In answering this question, courts consider: (1) "the need for the application of force," (2) "the relationship between the need and the amount of force that was used," (3) "the extent of injury inflicted," (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them," and (5) "any efforts made to temper the severity of a forceful response." *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

To state an Eighth Amendment claim against prison officials for failure to protect, a plaintiff must allege: (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) the prison officials acted with deliberate indifference to that substantial risk of serious harm; and (3) the officials' deliberate indifference caused harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds, Mack v. Yost*, 968 F.3d 311, 319 n.7 (3d Cir. 2020). Deliberate indifference in the context of a failure to protect claim requires the plaintiff to show "that prison officials actually knew of and disregarded constitutional violations." *Thomas v. Tice*, 948 F.3d 133, 138-39 (3d Cir. 2020). The defendant prison officials "must actually [have been] aware of the existence of the excessive risk; it is not sufficient that [prison officials] should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001).

An Eighth Amendment claim based on a prison official's failure to supervise or to train requires the plaintiff to show that the failure amounts to deliberate indifference to the rights of persons with whom the official comes into contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A claim for supervisory liability or liability based upon a failure to train involves four elements: (1) an existing policy created an unreasonable risk of constitutional injury; (2) the supervisor was aware of this unreasonable risk; (3) the supervisor was indifferent to the risk; and (4) the injury resulted from the policy or practice. *See Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). Deliberate indifference may be shown where the need to train, or for more or different training, is "obvious, and inadequacy very likely to result in violation of constitutional rights." *See Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999) (citing *Harris*, 489 U.S. 378). Supervisory liability in the prison system presents the question whether the supervisor was responsible for, or the moving force behind, the subordinate's constitutional violation. *See Sample*, 885 F.2d at 1116-17 (citing *Harris*, 489 U.S. 378).

    **F.    Pennsylvania tort claims – Review of Applicable Law**

Under Pennsylvania law, "[a]ssault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994) (internal quotations omitted). A corrections officer and police officers may use necessary force in the performance of their duties. *See id.*; *Regassa v. Brininger*, No. 20-2642, 2021 U.S. App. LEXIS 30358, at *3 (3d Cir. Oct. 12, 2021). It is the reasonableness of such force used that determines whether the officer's conduct constitutes an assault and battery. *See Renk*, 641 A.2d at 293.

To state a claim for negligence under Pennsylvania law, a plaintiff must show: (1) the defendant owed the plaintiff a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *Martinez v. United States*, 682 F. App'x 139, 141 (3d Cir. 2017) (citing *Pittsburgh Nat'l Bank v. Perr*, 637 A.2d 334, 336 (Pa. Super. Ct. 1994)).

To state a civil conspiracy claim under Pennsylvania law, a plaintiff must show "that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979). "Proof of malice, *i.e.*, an intent to injure, is essential in proof of a conspiracy." *Id.*

To state an IIED claim under Pennsylvania law, a plaintiff must show: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1274 (3d Cir. 1979). "Liability on an intentional infliction of emotional distress claim 'has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Reedy v. Evanson*, 615 F.3d 197, 231-32 (3d Cir. 2010) (quoting *Field v. Philadelphia Elec. Co.*, 565 A.2d 1170, 1184 (Pa. Super. Ct. 1989)). "In Pennsylvania, this action has been "found only in the most egregious situations, such as mishandling of a corpse, reckless diagnosis of a fatal disease, and having sexual contact with young children." *Eck v. Oley Valley Sch. Dist.*, No. 19-1873, 2019 U.S. Dist. LEXIS 137743, at *20-21 (E.D. Pa. Aug. 15, 2019) (internal quotations omitted).

To state an NIED claim under Pennsylvania law, a plaintiff must establish the four elements of a negligence claim within one of the four following scenarios: (1) the defendant had

9
040323

a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff suffered a physical impact; (3) the plaintiff was in a zone of danger and at risk of immediate physical injury; or (4) the plaintiff contemporaneously observed a tortious injury to a close relative.  *See Hailey v. Beard*, No. 19-2171, 2019 U.S. Dist. LEXIS 187738, at *35-36 (E.D. Pa. Oct. 29, 2019); *Toney v. Chester County Hosp.*, 961 A.2d 192, 197-98 (Pa. Super. 2008).  The plaintiff must have suffered an immediate and substantial physical harm.  *See id.*

## IV.    ANALYSIS

### A.    The Complaint does not satisfy Rule 8 pleading standards.

The Complaint lacks sufficient factual allegations as to each Defendant to satisfy the "short and plain statement" requirement of Rule 8 and to provide notice of the claims.  *See* Fed. R. Civ. P. 8(a).  The only factual allegations regarding the purportedly wrongful conduct are: "On or about March 28, 2021, Plaintiff was removed from a restraint chair and placed on I-B-7 cell floor.  At the aforesaid place, *The Defendants* violently, horrifically, and ruthlessly inflicted a beating on Plaintiff, who variously received a knee and multiple punches to the face *by Defendants* their agents, servants, and employees. . . ."  Compl. ¶¶ 17-18 (emphasis added).  The legal conclusions in the Complaint, which this Court need not accept as true, similarly refer only to "Defendants."  The Complaint, which names "all Defendants" in each of the five counts, lists fifteen Defendants, including two prison superintendents, two correctional institutions, one named prison official, and ten unidentified corrections officers.

"This type of group pleading in which all the Defendants are lumped together does not provide [the defendants] notice of the claims against [them] and the grounds upon which those claims rest."  *Mazure v. Remington Arms Co.*, No. 2:22-cv-02854 (WJM), 2022 U.S. Dist. LEXIS 117631, at *6-8 (D.N.J. July 5, 2022) (determining that the complaint failed to satisfy

Fed. R. Civ. P. 8(a)(2) because it alleged all nine defendants committed the purportedly wrongful conduct). Such pleadings "do not set forth facts sufficient to give the individual defendants notice as to the misconduct with which each is charged or to provide this Court with a basis upon which to determine the viability of the claims against each of them." *Menkowitz v. Pottstown Mem'l Med. Ctr.*, No. 97-2669, 1999 U.S. Dist. LEXIS 9180, at *11-12 (E.D. Pa. June 21, 1999) (dismissing the complaint for failing to set forth the conduct each of the seven individual defendants were alleged to be responsible). Consequently, "[p]leadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim." *Angle v. Smith*, No. 1:22-CV-00033, 2022 U.S. Dist. LEXIS 103877, at *9 (W.D. Pa. June 10, 2022) (quotations omitted).

The Complaint's minimal factual allegations are also insufficient to state a federal claim for the reasons discussed below. *See Phillips*, 515 F.3d at 233 (holding that "a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8").

### B. The Complaint fails to state a claim under § 1983.

The Complaint fails to state a § 1983 claim for the following six reasons. First, the inadequacy of the Complaint's group pleading, as just discussed, is particularly fatal to a § 1983 claim. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's *own* individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). Abreu must therefore provide specific factual allegations as to each Defendant's personal involvement; but, the Complaint fails to allege any Defendant's personal involvement. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (concluding that because the complaint did not allege specific, personal

involvement on the part of the unknown defendants, the district court did not err in dismissing the claims against them); *Falodun v. Olson*, No. 4:09-CV-0406, 2009 U.S. Dist. LEXIS 51403, at *5 (M.D. Pa. June 16, 2009) (concluding that because the complaint "stated general allegations against Defendants collectively and ha[d] not made specific allegations against any one of them, [it] failed to plead that any Defendant's conduct deprived [the plaintiff] of a constitutional right").

Second, the Complaint improperly suggests respondeat superior liability. *See* Compl. ¶ 18 (". . . Plaintiff, who variously received a knee and multiple punches to the face *by Defendants their agents, servants, and employees*. . .") (emphasis added). This theory of liability is not applicable to § 1983 claims. *See Rode*, 845 F.2d at 1207. *See also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) (holding that "if entities and supervisors may not be vicariously liable under § 1983 for the constitutional violation of a given individual, neither may that individual's cohorts who happen to be in the immediate vicinity");

Third, neither the Pennsylvania Department of Corrections or SCI Greene is a "person" amenable to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983.").

Fourth, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, and the Commonwealth of Pennsylvania has not waived that immunity. *See Will*, 491 U.S. at 65-66; 42 Pa.C.S. § 8521. "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment

immunity." *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). Additionally, suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Jones v. Unknown*, 944 F.3d 478, 482-83 (3d Cir. 2019) (holding that the official capacity claims against the prison superintendent and security captain were barred by sovereign immunity).

Fifth, the Complaint fails to allege the violation of any particular constitutional right. A § 1983 complaint "must, at the very least, put the defendants on notice of the character of the constitutional wrong alleged." *Kohler v. Pennsylvania*, 438 F. App'x 120, 123 (3d Cir. 2011).

Sixth, to the extent the allegations may be liberally construed as alleging an Eighth Amendment violation,[3] the Complaint fails to state a claim under either an excessive force, failure to protect, or failure to supervise/train theory. As to an excessive force claim, Abreu fails to identify which "Defendants" allegedly "inflicted a beating" on him. There are fifteen Defendants, including two superintendents not usually present on the prison floor and two institutions. Accordingly, "all Defendants" could not possibly have "inflicted a beating" on Abreu. Next, there are no factual allegations to show that Abreu faced a substantial risk of harm, to show that any Defendant actually knew of and disregarded this risk, or to show that each Defendant's deliberate indifference caused Abreu's harm, all of which are required to state an Eighth Amendment claim for failure to protect. *See Farmer*, 511 U.S. at 834. Finally, there are no factual allegations as to what specific supervision or training was lacking, to show how each Defendant was deliberately indifferent to this inadequacy, or to show how the inadequacy caused

---

[3] Because the Complaint was filed by counsel, this Court has no obligation to liberally construe the pleadings, *see Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011), but has nevertheless applied a liberal construction for purposes of this Opinion.

Abreu's harm, which are necessary to state an Eighth Amendment claim for failure to supervise or train. *See Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1030 (3d Cir. 1991) (holding that a plaintiff presenting a failure-to-train claim "must identify a failure to provide *specific* training that has a causal nexus with his or her injury and must demonstrate that the failure to provide that *specific* training can reasonably be said to reflect a deliberate indifference to whether constitutional deprivations of the kind alleged occur" (emphasis added)). The allegations fail to even identify who is alleged to have supervisory responsibility or that there was a specific policy or custom that created an unreasonable risk of constitutional injury. *See Brookins v. Wetzel*, No. 2:20-cv-3548, 2020 U.S. Dist. LEXIS 186840, at *12-14 (E.D. Pa. Oct. 8, 2020) (explaining that conclusory allegations of failure to train are insufficient to state a claim).

Consequently, the Complaint fails to state a claim under § 1983. The Pennsylvania DOC and SCI Greene, as well as the official capacity claims against Defendants Zaken, Buzas, John Doe Napolean, and John Does #1-10 are dismissed with prejudice. The remaining claims under § 1983 are dismissed without prejudice.

      **C.**     **The Complaint fails to state a claim for conspiracy under federal law.**

Count III of the Complaint, labeled conspiracy, alleges: "Defendants individually and each of them together have conspired with each other to maliciously acted [sic] to improperly and/or assaulted, battered inflicted emotional distress and otherwise deprive Plaintiff of rights guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania." Compl. ¶ 49. The Complaint fails to identify whether the conspiracy claim is brought under § 1983, § 1985, or Pennsylvania law. Because the Complaint makes brief reference to § 1983 and § 1985 in its opening paragraph, the Court considers the conspiracy claim under each section.

The Complaint fails to state a conspiracy claim under § 1983 for the first five reasons set forth in the previous section. Additionally, the Complaint fails to make any factual allegations of a conspiracy. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (holding that § 1983 "[c]onspiracy claims require the plaintiff to, among other things, 'demonstrate that the state actors named as defendants in the complaint somehow reached an understanding to deny the plaintiff his rights'"). "Only allegations of conspiracy which are particularized, such as those addressing (1) the period of the conspiracy, (2) the object of the conspiracy, and (3) certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient." *Schlichter*, 2005 U.S. Dist. LEXIS 7287, at *32-33 (explaining that "the plaintiffs must plead the circumstances of the alleged wrong with particularity so as to place the defendants on notice of the precise misconduct with which they are charged"). The Complaint is lacking in all respects. The allegations are therefore insufficient to state a conspiracy claim under § 1983.

In the absence of specific factual allegations of a conspiracy, the Complaint also fails to state a claim under § 1985. *See id.*; *Morton v. Arnold*, 618 F. App'x 136, 142-43 (3d Cir. 2015) (finding that the plaintiff failed to state a claim for conspiracy under § 1985 because he had not alleged any specific facts supporting the inference that the defendants had an understanding or agreement to conspire against him). Further, as explained regarding a § 1983 claim, neither the Pennsylvania DOC or SCI Greene is a "person" under § 1985. *See Will*, 491 U.S. at 65-66 (holding that a State is not a "person" under § 1983); *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 854 n.3 (3d Cir. 2014) ("assum[ing] that 'person' has the same meaning under both §§ 1983 and 1985"). The Pennsylvania DOC and SCI Greene are also immune from suit pursuant to the Eleventh Amendment, *see Lavia*, 224 F.3d at 195, as are the individual Defendants in their official capacities, *see Hafer*, 502 U.S. at 25. Finally, § 1985 has

no application to the allegations here. The alleged conspiracy in the Complaint involves only state actors in a state correctional institution, and there are no allegations or suggestion that Defendants' acts were racially motivated. *See Edwards*, 1989 U.S. Dist. LEXIS 147, at *2 (dismissing the § 1985 claim as frivolous where the alleged violation concerned an inmate's medical treatment in a county prison).

The Pennsylvania DOC and SCI Greene, as well as the official capacity claims against Defendants Zaken, Buzas, John Doe Napolean, and John Does #1-10 are dismissed with prejudice from Count III. Because the allegations would not fit the type of claims prohibited by § 1985, any conspiracy claim under § 1985 is also dismissed with prejudice. To the extent a conspiracy claim is asserted under § 1983, it is dismissed without prejudice.

**D.     Supplemental jurisdiction is declined.**

"A party who invokes the jurisdiction of the federal courts has the burden of demonstrating the court's jurisdiction." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case.")).

The Complaint alleges that pursuant to 42 U.S.C. §§ 1983, 1985, and 1988,[4] this Court

---

[4] Although the Complaint references § 1988, it is unclear whether Abreu attempts to assert a claim pursuant to 42 U.S.C. § 1988 (the Civil Rights Attorney's Fee Award Act). However, a plaintiff does not have an independent cause of action under § 1988. *See Marino v. Bowers*, 657 F.2d 1363, 1365 n.2. (3d Cir. 1981) (dismissing the § 1988 claim "because that section creates no independent cause of action"). "Rather, as is plain on the face of the statute, the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights." *Moor v. Cty. of Alameda*, 411 U.S. 693, 702 (1973). To the extent the Complaint may have appropriately referenced § 1988 in the relief section seeking attorney's fees, it seeks such fees "in accordance with" § 1988 "and/or" 18 U.S.C. § 1964(c). Section 1964(c), however, allows for damages for a violation of Racketeer Influenced and Corrupt Organizations ("RICO"), 18 U.S.C. § 1962, and has nothing to do with this case.

has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.[5]  *See* Compl. ¶ 1, ECF No. 1.  The Complaint further contends that this Court has supplemental jurisdiction over the state law claims.  *See id.* ¶ 2 (citing 28 U.S.C. § 1367(a)).  Given the Complaint's reference to § 1983 and allegations that "Defendants acted under color of state law," *see id.* ¶ 14, although minimal, this Court finds it has federal question jurisdiction.  However, for the reasons set forth above, the Complaint has failed to sufficiently plead a federal claim.

Because the § 1983 claim, which is the sole basis for original jurisdiction, is being dismissed and due to the early stage of the proceedings, this Court will not exercise supplemental jurisdiction over the state law claims.  *See Gagliardi v. Fisher*, 513 F. Supp. 2d 457, 463 (W.D. Pa. 2007) (declining supplemental jurisdiction after dismissing the federal question claims for failure to state a claim).  The state-law claims are therefore not addressed on their merits herein.[6]

      E.      **Abreu is granted leave to amend.**

As to any Defendants and/or claims that were not dismissed with prejudice, Abreu may file an amended complaint to attempt to cure the deficiencies discussed herein.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, a court should grant a plaintiff leave to amend ).  Counsel is advised that the amended complaint may not contain conclusory allegations; rather, it must establish the existence of specific actions by each defendant which have resulted in constitutional deprivations.  The amended complaint shall not refer collectively to "Defendants," but must specifically state which named Defendants

---

[5]    *See Lewis v. Phila. Inquirer, Inc.*, No. 89-3502, 1989 U.S. Dist. LEXIS 5370, at *1-2 (E.D. Pa. May 15, 1989) (concluding that the plaintiff, alleging defamation and IIED related claims, had not submitted a civil rights case pursuant to 28 U.S.C. § 1343).
[6]    Although the state-law claims are not given a merits review, they appear to be insufficient due to the Complaint's lack of factual detail.

undertook what actions. As to the John Doe Defendants, the amended complaint should distinguish the actions of each by referring to the assigned John Doe number. The amended complaint must contain a short and plain statement of each claim that provides sufficient notice to each Defendant of the allegations against each. In addition to addressing the deficiencies identified herein regarding the federal claim, counsel is advised to consider the required elements for each state-law cause of action and to include any necessary amendments to the state law claims as well. In the event Abreu elects not to amend his federal claims and, instead, proceed only on his state law claims in state court, he is advised that the period of limitations for these claims was tolled during the pendency of this action and "for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

## V.     CONCLUSION

Pursuant to the PLRA, the Complaint was screened and is dismissed for failure to state a claim. The factual allegations are limited to a few paragraphs and are woefully deficient to state a claim for relief. Although there is brief mention of 42 U.S.C. §§ 1983 and 1985, the Complaint does not identify any constitutional violation and fails to state a claim under either section. The Pennsylvania DOC and SCI Greene, as well as the official capacity claims against Defendants Zaken, Buzas, John Doe Napolean, and John Does #1-10 are dismissed with prejudice based on Eleventh Amendment immunity. The remaining § 1983 claims are dismissed without prejudice and with leave to amend. The § 1985 claim is dismissed with prejudice as having no relevance

...

to the allegations in this action. Supplemental jurisdiction over the state-law claims is declined and they have not been reviewed on their merits.

     A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge